IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                            10 CR 2072 JB

SALVADOR DE JESUS GUTIERREZ-CASTRO,

        Defendant.

## DEFENDANT GUTIERREZ-CASTRO'S MOTION IN LIMINE TO EXCLUDE ADMISSION OF THE DEFENDANT'S CRIMINAL RECORD

*COME NOW*, the Defendant, Salvador De Jesus Gutierrez-Castro, by and through his counsel of record, Pillip G. Sapien, *Sapien Law, LLC.,* and hereby move the Court to exclude admission of any evidence of his prior arrests, contacts with law enforcement or convictions as irrelevant, unfairly prejudicial, and more prejudicial than probative pursuant to Federal Rule of Evidence 403.

Defendant is charged with illegal reentry after deportation contrary to 8 U.S.C. §1326(a)(1) and (2) and 8 U.S.C. § 1326(b)(2). Subsection (a) of 1326 defines a substantive crime while subsection (b) defines the criminal penalties. The Defendant's criminal history or prior conviction(s) are not an element of the offense of illegal re-entry. In *United States v. Aprendi*, the United States Supreme Court held that facts, other than the fact of a prior conviction, which increases the penalty for a crime beyond the prescribed statutory maximum, must be submitted to a jury and proven beyond a reasonable doubt. *Aprendi v. New Jersey*, 120 S.Ct. 2348, 2362-63. The *Aprendi* holding specifically excluded a defendant's prior conviction as an element of an offense. In this regard, it preserved the Court's previous holding in

*Almendarez-Torres v. United States*, 523 U.S. 224 (1998). In *Almendarez-Torres*, supra, the defendant pleaded guilty to the crime of illegal re-entry. He admitted at the plea hearing that he had been deported and that he had unlawfully re-entered the country. In addition, he admitted that the earlier deportation had taken place (pursuant to three other convictions for aggravated felonies. *Id.* at 227. As the Court noted in *Aprendi*, *supra*, the decision in *Almendarez-Torres* turned heavily upon the fact that the additional sentence to which the defendant was subject was the prior commission of a serious crime. *Aprendi v. New Jersey*, 120 S.Ct. 2360, *quoting Almendarez-Torres*, 523 U.S. at 230. Therefore, the Court held that other than the fact of a prior conviction any fact that increased the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt. *Aprendi*, 120 S.Ct. at 2362-63.

The Ninth Circuit recognized the inappropriateness of instructing on the conviction of a felony when the defendant is tried for re-entry after deportation. The 2000 addition of the Ninth Circuit's Model Jury Instructions withdraws its former instruction which had included the prior conviction as an element. The committee replaced that instruction with instruction 9.5, omitting the prior conviction as a substantive element of the offense. The Ninth Circuit noted that:

> The Committee recommends that when a defendant is allegedly a deported alien who has illegally re-entered the United States after having been convicted of a felony and/or aggravated felony, the jury should be instructed on the crime of re-entry of deported - alien re-entry of deported alien, Instruction 9.5 (Alien Re-entry of Deported Alien), and no reference should be made to the existence of a felony or aggravated felony conviction. This change is mandated by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998) and *United States v. Alves*, 152 F.2d 1195 (9th

**Defendant Gutierrez-Castro's Motion in Limine to Exclude**
**Admission of the Defendant's Criminal Record**
*U.S. v. Gutierrez-Castro*
**Criminal No. 10 CR 2072 JB**
*Page 2*

Cir. 1998).

Ninth Cir. Crim. Jury. Instr. 9.6 Comment (2000).

Similarly, the Tenth Circuit has previously issued pattern jury instructions, and Instruction 2.05, relating to illegal re-entry, makes no reference to the alien's prior conviction or aggravated felony. Instruction 2.05 specifically states that [t]his law makes it a crime for an alien to be found in the United States after having been deported from the United States, and lists the four elements that must be proved by the government:

> *First*: the defendant was an alien at the time alleged in the indictment;
> *Second*: the defendant had previously been deported from the United States; and
> *Third*: the defendant knowingly was found in the United States.
> *Fourth:* the defendant had not received the consent of the proper legal authority to reapply for admission to the United States.

Pattern Jury Instruction, U.S. Tenth Circuit, No. 2.05. Finally, Instruction 2.05 defines an alien as a person who is not a citizen or national of the United States, but makes no reference to that person having a prior felony conviction.

Moreover, in *United States v. Martinez-Villalva*, 232 F.3d 1329 (10th Cir. 2000), the Tenth Circuit rejected the argument that a defendant's aggravated felony conviction is an essential element of entering after deportation following an aggravated felony. The Tenth Circuit held that the *Almendarez-Torres* decision controls that issue in this circuit. The court noted that we are bound by [*Almendarez-Torres*] to hold that the fact of a defendant's prior conviction is not an element of the offense with which he was charged by indictment, but is, instead, a sentencing factor. *Martinez-Villalva*, 232 F.3d at 1332. The Tenth Circuit held that

**Defendant Gutierrez-Castro's Motion in Limine to Exclude**
**Admission of the Defendant's Criminal Record**
*U.S. v. Gutierrez-Castro*
**Criminal No. 10 CR 2072 JB**
*Page 3*

the Indictment in *Martinez-Villalva*, which did not charge the defendant with a prior aggravated felony conviction, did not violate the defendant's constitutional rights.

  Since the defendant's arrest history, contacts with law enforcement or prior conviction(s) are not relevant as elements of the offense nor material to any of the relevant concerns of this case, all references to this information should be stricken from any proposed exhibits, stricken from any jury instruction and the Court should direct the government to instruct its witnesses not to refer in any fashion to the defendant's arrest history, contacts with law enforcement or prior convictions or any course of incarceration which he may have previously served.

              Respectfully submitted:

              *Electronically filed*_____
              Phillip G. Sapien
              Attorney for Salvador De Jesus Gutierrez-Castro
              P.O. Box 965
              Albuquerque, NM 87103
              (505) 842-5979

I HEREBY CERTIFY that a true copy of the foregoing was electronically delivered to opposing counsel, this 27th day of June, 2011.

   */s/*_____
Phillip G. Sapien, Esq.

**Defendant Gutierrez-Castro's Motion in Limine to Exclude**
**Admission of the Defendant's Criminal Record**
***U.S. v. Gutierrez-Castro***
**Criminal No. 10 CR 2072 JB**
*Page 4*