# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                           No. CR 10-2072 JB

SALVADOR DE JESUS GUTIERREZ-CASTRO,

      Defendant.

## <u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** comes before the Court on the United States's Motion in Limine to Exclude Evidence, filed June 15, 2011 (Doc. 40).  The Court held a hearing on August 4, 2011.  The primary issues are whether the Court should, in this prosecution under 8 U.S.C. § 1326(a) and (b), exclude evidence: (i) that Defendant was not aware that he entered the United States of America illegally; (ii) that Gutierrez-Castro was under the mistaken belief that he was authorized to enter the United States; (iii) that Gutierrez-Castro was not aware of his prior deportation when he entered the United States; and (iv) that Gutierrez-Castro returned for a reason.  Because Gutierrez-Castro's motive is not an element of the offense with which he is charged, the Court will grant the motion in limine.

## <u>FACTUAL BACKGROUND</u>

On or about April 18, 2010, Gutierrez-Castro was found in Dona Ana County, in the State and District of New Mexico.  Immigration records showed that Gutierrez-Castro had been deported previously from the United States.  Plaintiff United States of America alleges that Gutierrez-Castro had not received permission from the Secretary for Homeland Security to reapply for admission into

the United States.  See Indictment, filed July 14, 2010 (Doc. 14).

## PROCEDURAL BACKGROUND

On June 15, 2011, the United States filed its motion in limine.  See Doc. 40.  The United States moves the Court for an order in limine prohibiting Gutierrez-Castro from mentioning or putting forth four contentions in any manner in the jury's presence.  Specifically, the United States seeks to exclude any contention: (i) that Gutierrez-Castro was not aware that he entered the United States illegally; (ii) that Gutierrez-Castro was under the mistaken belief that he was authorized to enter the United States; (iii) that Gutierrez-Castro was not aware of his prior deportation when he entered the United States; and (iv) that Gutierrez-Castro returned for a reason.  The United States argues that evidence of Gutierrez-Castro's state of mind or mistaken beliefs is not admissible evidence at trial because such evidence is not relevant to Gutierrez-Castro's guilt or innocence.

On August 4, 2011, Gutierrez-Castro filed the Defendant's Response to United States' Motion in Limine to Exlude [sic] Evidence of Defendant's State of Mind.  See Doc. 63.  Gutierrez-Castro argues that the United States must prove that he had the intent to do the act of entering the country.  He argues that testimony as to his state of mind is thus relevant, because it would make it more or less probable that he had the required intent.  He asks the Court to deny the United States' motion.

At the hearing, the United States conceded that it must prove that Gutierrez-Castro knowingly entered the United States, but stated that it did not believe that the case law required it to prove any specific intent on Gutierrez-Castro's part.

## LAW REGARDING ILLEGAL REENTRY

The crime of entering the United States after deportation, in violation of 8 U.S.C. § 1326(a)(1) and (2), has four elements: (i) the defendant was an alien at the time he or she was

found in the United States as alleged in the indictment; (ii) the defendant had been deported or

removed previously from the United States; (iii) thereafter the defendant intentionally entered, and

was found[1] in the United States; and (iv) the defendant had not received the consent of the

appropriate authority, i.e., the Attorney General or Secretary of Homeland Security,[2] to apply for

readmission to the United States since the time of his or her previous deportation.  See 8 U.S.C.

§ 1326(a)(1), (2); Tenth Circuit Pattern Jury Instructions Criminal 2.05, at 81 (2005)(modified).

Section 1326 of Title 8 of the United States Code describes a crime of general intent and not

one of specific intent.  See United States v. Hernandez-Hernandez, 519 F.3d 1236, 1239 (10th Cir.

2008); United States v. Martinez-Morel, 118 F.3d 710, 713 (10th Cir. 1997).  To secure a conviction,

the United States must show only that the defendant's act, i.e., his or her entry or presence in the

---

[1] The Court has modified the uniform jury instructions of the United States Court of Appeals for the Tenth Circuit by adding the word "intentionally."  And because it does not make sense to talk about the defendant being intentionally "found," the Court has made "entered" and "was found" conjunctive rather than disjunctive.  The Court believes that these changes are needed to comply with the Tenth Circuit's recent opinion in United States v. Sierra-Ledesma.

[2] At the hearing, the United States asserted:

But in Mr. [Sapien's] elements instruction there's a reference to the Attorney General. . . . [T]he attorney general really stopped being the appropriate authority from which an alien that's been deported could seek a change in status.  The Attorney General stopped being the appropriate authority for that and to seek that change in status from when the Department of Homeland Security was formed.  It's now the secretary of [H]o[mel]and [S]ecurity.  I believe in the Government's instructions I refer to either it's the appropriate authority and either that being either the Attorney General of the United States or the secretary for Homeland Security.  In theory, if the alien had sought a change in status prior to prior to 2000 its year 2000, 2001 he would have sought permission to reenter the country from the Attorney General.  So I think the appropriate instruction, at least in our view, is it include both.

Transcript of Hearing at 5:24-6:15 (taken August 4, 2011)(Cairns)("Tr.")(the Court's citations to the transcript are to the Court Reporter's original, unedited version; any final version may have slightly different line or page numbers).

United States, was intentional.  See United States v. Hernandez-Hernandez, 519 F.3d at 1239; United States v. Martinez-Morel, 118 F.3d at 713.  To convict a defendant under 8 U.S.C. § 1326, "the only intent the government must prove is the general intent to do the prohibited act, to-wit enter." United States v. Martinez-Morel, 118 F.3d at 712 (internal quotations and citations omitted). See United States v. Sierra-Ledesma, Nos. 10–3066, 10–3067, 2011 WL 2152076, at *6 (10th Cir. Jun 2, 2011)("As our discussion makes clear, we have long held that to secure a conviction under Section 1326's found in provision, the Government must prove the defendant acted only with the intent to do the act of entering the country.")(internal quotation marks and citations omitted). "'[T]he intent to do the act of entering the country' . . . will suffice to support a conviction under Section 1326's provision." United States v. Hernandez-Hernandez, 519 F.3d at 123 (quoting United States v. Martinez-Morel, 118 F.3d at 717).  The United States need not prove that the defendant had an intent to break the law -- whether characterized as specific intent or general criminal intent.  See United States v. Miranda-Enriquez, 842 F.2d 1211, 1212-13 (10th Cir. 1988).

In United States v. Martinez-Morel, the United States Court of Appeals for the Tenth Circuit held that documentary and testimonial evidence of the defendant's belief that he was not deported was not relevant, and thus affirmed a district court's exclusion of such evidence.  See 118 F.3d at 713-14.  The Tenth Circuit held that "the defendant's belief about whether he was deported is not 'of consequence to the determination of the action.'" 118 F.3d at 713 (citing Fed. R. Evid. 401). That a defendant was unaware of his illegal status in the United States or that he was unaware of his prior deportation is therefore not a defense to the crime of illegal re-entry.

In United States v. Sierra-Ledesma, the Tenth Circuit found that the "district court correctly refused to instruct the jury it must find Defendant possessed any intent as to the alienage, deportation, or authorization elements of Section 1326," but stated that its "precedent dictates [the

district court] did err in refusing to instruct the jury that the Government must prove Defendant acted with the limited 'intent to do the act of entering the country.'"  2011 WL 2152076, at * 7 (citations omitted).  The Tenth Circuit noted that it has "long held that to secure a conviction under Section 1326's 'found in' provision, the Government must prove the defendant acted only with the intent to do the act of entering the country."  2011 WL 2152076, at * 6 (internal quotations marks and citations omitted).  It stated that: "Neither the Government nor Defendant have provided any persuasive reason to reconsider that longstanding conclusion."  2011 WL 2152076, at * 6.  The Tenth Circuit concluded: "The district court should have made clear to the jury that the Government must prove beyond a reasonable doubt that Defendant reentered the United States with the intent to do so in order to find him guilty of Section 1326's 'found in' offense."  2011 WL 2152076, at * 8.[3]

Moreover, a defendant's good-faith belief that he was entitled to enter the United States is also not a defense.  See United States v. Miranda-Enriquez, 842 F.2d at 1213.  Other circuit courts addressing this question have reached the same interpretation of 18 U.S.C. § 1326.  See, e.g., United States v. Champegnie, 925 F.2d 54, 55 (2d Cir. 1991)(per curiam)("[A] good faith or mistake

---

[3] At the hearing, the United States represented that it did not believe United States v. Sierra-Ledesma affected its motion in limine.  United States v. Sierra-Ledesma has not changed the Tenth Circuit's precedent which held that, to secure a conviction under Section 1326's "found in" provision, the United States must prove the defendant acted only with the intent to do the act of entering the country.  See  2011 WL 2152076, at * 6.

At the same time, United States v. Sierra-Ledesma does not appear to have changed Tenth Circuit law that the defendant's reasons for returning, motive, and beliefs about the law are irrelevant, so the Court largely agrees with the United States that United States v. Sierra-Ledesma does not affect its motion in limine.  The only sense in what it has any effect is that the defendant's mental state is not completely irrelevant.  The United States must still prove the defendant's general intent to enter the United States.  At the hearing, the parties discussed a new case from the Supreme Court of the United States.  The parties did not, however, direct the Court's attention to which case they were discussing, and the Court has not located a recent Supreme Court case on this subject.  For purposes of this motion, the Court uses United States v. Sierra-Ledesma as the latest word on this subject.

defense does not exist under Section 1326."); United States v. Espinoza-Leon, 873 F.2d 743, 746 (4th Cir. 1989)(concluding that only general intent is required for a conviction under 8 U.S.C. § 1326 and that mistaken belief that defendant was allowed to re-enter country was thus not grounds for acquittal); United States v. Pena-Cabanillas, 394 F.2d 785, 790 (9th Cir. 1968)(same), abrogated on other grounds by United States v. Smith-Baltiher, 424 F.3d 913, 920 (9th Cir. 2005). For some time, the opposite result prevailed in the United States Court of Appeals for the Seventh Circuit. See United States v. Anton, 683 F.2d 1011, 1014-17 (7th Cir. 1982)(holding that intent to reenter the United States without permission was required to violate 8 U.S.C. § 1326). In 2001, however, the Seventh Circuit overruled United States v. Anton and brought Seventh Circuit case law in line with the other circuits. See United States v. Carlos-Colmenares, 253 F.3d 276, 278 (7th Cir. 2001).

Additionally, an alien who unlawfully reenters the United States is subject to criminal liability "regardless of the underlying motivation for such illegal entry." United States v. Hernandez-Baide, 392 F.3d 1153, 1158 (10th Cir. 2004), judgment vacated by 544 U.S. 1015 (2005), opinion reinstated by 146 F. App'x 302 (10th Cir. 2005)(citing United States v. Martinez-Morel, 118 F.3d at 715-16). As a result, the Tenth Circuit has held that a defendant's reason for reentering is not an element of § 1326:

> [Section] 1326(a) is a regulatory measure with no express *mens rea* element or Congressional intent to include a *mens rea* element to be proven by the government for conviction. "Our determination is consistent with the Supreme Court's conclusion that regulatory statutes, silent with respect to mens rea, "impose a form of strict liability," and an inference "Congress did not intend to require proof of *mens rea* to establish an offense."

United States v. Hernandez-Baide, 392 F.3d at 1158 (quoting United States v. Martinez-Morel, 118 F.3d at 715-17; and citing Staples v. United States, 511 U.S. 600, 606 (1994); United States v. Gutierrez-Gonzalez, 184 F.3d 1160, 1165 (10th Cir.1999)). Accord United States v.

-6-

Hernandez-Hernandez, 519 F.3d at 1240.

## LAW REGARDING RELEVANCY OF EVIDENCE

Relevant evidence is evidence that has a tendency to "make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Irrelevant evidence, or that which does not make a fact of consequences more or less probable, is inadmissible. See Fed. R. Evid. 402 ("Evidence which is not relevant is not admissible.").

## ANALYSIS

The only questions at trial will be whether the United States can prove beyond a reasonable doubt the elements of the crime of illegal re-entry. Section 1326(a), which Gutierrez-Castro is accused of violating, is a crime whose only intent element is that the defendant had the general intent to re-enter the United States. See United States v. Sierra-Ledesma, WL 2152076, at *6; United States v. Martinez-Morel, 118 F.3d at 712-13. Evidence of Gutierrez-Castro's state of mind -- whether he knew he had been deported, his reasons for coming back to the United States, whether he was aware that he entered the United States illegally, and his beliefs about whether he was authorized to reenter the United States -- will not be admissible evidence at trial, because any such beliefs are not relevant to Gutierrez-Castro's guilt or innocence. See United States v. Hernandez-Hernandez, 519 F.3d 1239-40; United States v. Hernandez-Baide, 392 F.3d at 1158; United States v. Martinez-Morel, 118 F.3d at 715-17.

While the Court may not be able to preclude all evidence of Gutierrez-Castro's mental state, the range of permissible evidence is narrow. All evidence, proffers, or statements made by Gutierrez-Castro relating to his motives, beliefs about deportation, or reasons for returning are not relevant to the determination of his guilt, and the Court will exclude this evidence at trial under rules

401 and 402.  In the interests of promoting a fair and orderly trial, and of minimizing the potential

for prejudice to the United States, the Court will issue this pretrial ruling on the admissibility of the

evidence of Gutierrez-Castro's motives, beliefs about the law, or his knowledge of his prior

deportation.  He can, however, offer evidence that he did not intend to enter the United States.

**IT IS ORDERED** that the United States's Motion in Limine to Exclude Evidence, filed June

15, 2011 (Doc. 40), is granted.  The Court prohibits Defendant Salvador De Jesus Gutierrez-Castro

from mentioning or putting forth in any manner in the jury's presence evidence: (i) that Gutierrez-

Castro was not aware that he entered the United States illegally; (ii) that Gutierrez-Castro was under

the mistaken belief that he was authorized to enter the United States; (iii) that Gutierrez-Castro was

not aware of his prior deportation when he entered the United States; or (iv) that Gutierrez-Castro

returned for a reason.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Kenneth J. Gonzales
  United States Attorney
Norman Cairns
Shammara Henderson
  Assistant United States Attorneys
United States Attorney's Office
Albuquerque, New Mexico

*Attorneys for the Plaintiff*

Phillip G. Sapien
Sapien Law, LLC
Albuquerque, New Mexico

-- and --

Kenneth A. Gleria
Kenneth A. Gleria, Attorney at Law
Albuquerque, New Mexico

*Attorneys for the Defendant*