IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                           No. CR 10-2072 JB

SALVADOR DE JESUS GUTIERREZ-CASTRO,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on: (i) Plaintiff United States of America's Notice of Intention to Offer Expert Testimony, filed June 21, 2011 (Doc. 44); and (ii) Defendant Gutierrez-Castro's Response to Governments [sic] Notice of Intention to Offer the Expert Testimony of Border Patrol Agent Knoll, filed August 4, 2011 (Doc. 65). The Court held a hearing on August 4, 2011. The primary issue is whether the United States may call Senior Border Patrol Agent Brian Knoll to testify about the databases that the Department of Homeland Security maintains and the methods by which records of illegal aliens are kept. At the hearing, the parties agreed that Knoll could testify as a lay witness and that the United States would not refer to him as an expert witness. For these reasons, and the reasons stated on the record at the hearing, the Court will allow Knoll to testify as a lay witness and will preclude the United States from referring to Knoll as an expert witness.

**PROCEDURAL BACKGROUND**

On July 14, 2010, a federal grand jury returned an Indictment charging Gutierrez-Castro with a violation of 8 U.S.C. § 1326(a) and (b) -- Reentry of a Removed Alien. See Doc. 14. A jury trial is set to commence in this matter on August 11, 2011.

On June 21, 2011, the United States filed a Notice of Intention to Offer Expert Testimony. See Doc. 44. The United States represents that it plans to call Knoll to testify about the databases that the Department of Homeland Security maintains and the methods by which records of illegal aliens are kept. It asserts that Knoll will testify that, based on his review of Gutierrez-Castro's alien registration file, and a review of the computerized databases that the Department of Homeland Security uses, Gutierrez-Castro has not sought or obtained permission from the Attorney General or the Security of Homeland Security to enter the United States and that the defendant has no legal status in the United States.

On August 4, 2011, Gutierrez-Castro filed Defendant Gutierrez-Castro's Response to Governments [sic] Notice of Intention to Offer the Expert Testimony of Border Patrol Agent Knoll. See Doc. 65. Gutierrez-Castro moves the Court to exclude any and all alleged expert testimony by Knoll. He argues that Knoll is not sufficiently qualified to express expert opinions about the databases the Department of Homeland Security maintains or the methods for keeping records of illegal aliens. Gutierrez-Castro also argues that Knoll's proposed testimony does not reflect specialized knowledge. Gutierrez-Castro further argues that Knoll's testimony is inherently prejudicial and that the Court should not give the testimony additional credit by allowing Knoll to testify as an expert.

At the hearing, the United States stated:

> I don't know that he's really appropriately noticed up as an expert, but at the same time I didn't want there to be [an] issue with the Court where am I'm asking him for opinion testimony and there's an objection based on the fact that there was no notice of him as an expert pursuant to Rule 16C [of the Federal Rules of Criminal Procedure] so I provided the notice. But again 99 percent of his testimony is going to be . . . either fact testimony or testimony that's based on his training and experience.
>
> . . . .

> And I don't know that that's really expert testimony and I think the Court doesn't admit it under just admit it as expert testimony, but I did provide notice because I doesn't want there to be an issue about that at trial. But with agent [Brian] [K]noll again it's mostly going to be his own investigation and what he would observe from based on his training and experience.
>
> . . . .
>
> So again, that's what I anticipate the testimony will be. . . . [A]nd I don't I don't know . . . that it really is expert testimony that's subject to the Daubert principles, but if it is, I would suggest that we'll lay a foundation for its reliability during the agent [K]noll's direct exam.

Transcript of Hearing at 31:6-14, 32:1-7, 32:25-33:4 (taken August 4, 2011)(Cairns)("Tr.").[1] The Court asked Gutierrez-Castro:

> THE COURT: . . . If he provides that information and we tell the Government not to ask me to certify him as an expert so we don't mention him as an expert but he provides that information which is something sort of like when the corporations come here and they have a secretary come over and we've reviewed the files and we can't find this in the files -- if we stay away from the expert so we don't dress him up as an expert, do you see any problem with him testifying that he can't find any request within the database for that information?
>
> MR. SAPIEN: No, Judge and I think that was kind of the way I ended the response . . . is that I think he can testify as a lay witness about that information, of what his research showed, and I guess I would be okay proceeding that way, Your Honor, and I guess I would just then ask that the you ruling also include that . . . the Government doesn't refer to him as an expert . . . [in] closing or in the jury instructions. And I don't recall if there's a specific reference to him.
>
> THE COURT: There is but we can leave them out we can leave them out. Is that agreeable.
>
> MR. CAIRNS: That's agreeable, Your Honor, and we can take that. I will not refer to him as an expert at any time in the trial.

Tr. at 33:21-34:18 (Court, Sapien, Cairns).

---

[1] The Court's citations to the transcript are to the Court Reporter's original, unedited version. Any final version may have slightly different line or page numbers.

## ANALYSIS

At the hearing, the United States represented that ninety-nine percent of Knoll's testimony was going to be fact testimony, or testimony based on his training and experience. It stated that it noticed his testimony to prevent any possible issues at trial. The parties agreed that Knoll could testify as a lay witness, and that the United States would not refer to Knoll as an expert or ask the Court to accept Knoll as an expert. For these reasons, and the reasons stated on the record at the hearing, the Court will allow Knoll to testify as a lay witness, and will preclude the United States from referring to him as an expert witness or asking the Court to accept him as an expert witness.

**IT IS ORDERED** that Senior Border Patrol Agent Brian Knoll may testify as a lay witness. The United States may not refer to Knoll as an expert witness during trial or in the jury instructions, and may not ask the Court to accept him as an expert witness.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Kenneth J. Gonzales
  United States Attorney
Norman Cairns
Shammara Henderson
  Assistant United States Attorneys
United States Attorney's Office
Albuquerque, New Mexico

*Attorneys for the Plaintiff*

Phillip G. Sapien
Sapien Law, LLC
Albuquerque, New Mexico

-- and --

Kenneth A. Gleria
Kenneth A. Gleria, Attorney at Law
Albuquerque, New Mexico

*Attorneys for the Defendant*