## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                                                                  No. CR 10-2072 JB

SALVADOR DE JESUS GUTIERREZ-CASTRO,

       Defendant.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Sentencing Memorandum Submitted on Behalf of Defendant Salvador de Jesus Gutierrez-Castro, filed December 8, 2011 (Doc. 100)("Sentencing Memorandum"). The Court held a sentencing hearing on December 16, 2011. The primary issue is whether the Court should downwardly vary on Defendant Salvador de Jesus Gutierrez-Castro's sentence. The Court will grant the request for a downward variance contained in the Sentencing Memorandum. Because the Court believes that the circumstances of Gutierrez-Castro's case warrant a downward variance and because he has orally agreed to waive his appellate rights, the Court believes that a downward variance is appropriate.

### FACTUAL BACKGROUND

On April 18, 2010, border patrol agents observed an individual's footprints crossing the United States/Mexico border near Sunland Park, New Mexico. See Presentence Investigation Report ¶ 5, at 3, disclosed October 3, 2011. An agent then encountered an individual attempting to hide in the nearby brush. See PSR ¶ 5, at 3. This individual, Gutierrez-Castro, admitted after questioning to being a citizen and national of Mexico who entered the United States illegally. See PSR ¶ 5, at 3. No evidence suggests that Gutierrez-Castro applied for or received permission from

the appropriate authority to reenter the United States lawfully.  See PSR ¶ 6, at 3.  Before the commission of the current offense, Gutierrez-Castro was "homeless living on the streets in Ciudad Juarez, Chihuahua, Mexico."  PSR ¶ 54, at 15.  He was also unemployed.  See PSR ¶ 62, at 16.

Gutierrez-Castro has received a total of four theft convictions in the following years: (i) two in 1987; (ii) one in 1995; and (iii) one in 2000.  See PSR ¶¶ 25-26, 28, 33, at 6-7, 9.  Gutierrez-Castro also received a conviction for possession with intent to manufacture or deliver marijuana in 1992 and for a controlled substance offense in 1997 involving presenting an altered prescription for codeine.  See PSR ¶¶ 27, 30, at 7-8.  In 1993, he received a misdemeanor theft conviction for unlawful possession of a martial arts weapon.  See PSR ¶ 29, at 8.  In 1997, he received a felony conviction for lurking with intent to commit a crime.  See PSR ¶ 31, at 8.  Since 2000, Gutierrez-Castro has committed three immigration offenses.  See PSR ¶¶ 34-36, at 9-11.  For the immigration conviction he received in 2001, he received a sentence of 37-months imprisonment and 3 years supervised release.  See PSR ¶ 34, at 9.  He reentered in April 2003 and received a 37-month sentence and 2 years supervised release for that offense.  See PSR ¶ 35, at 10.  Based on the supervised release violation, he also received a sentence of 12 months and 1 day that ran consecutively with the 37-month sentence.  See PSR ¶ 35, at 10.  When he committed another immigration offense in 2007, he received a sentence of 18 months as part of the violation of his supervised release to run concurrently to the 46-month sentence he received for the immigration offense he committed in 2007.  See PSR ¶¶ 35-36, at 10-11. Gutierrez-Castro committed the offense which is the basis of the current revocation proceeding during the term of his supervised release for the immigration offense he committed in 2007.  See PSR ¶ 37, at 11.  He has received no convictions for offenses other than immigration offenses since the theft conviction he received in 2000.  See PSR ¶¶ 33-36, at 9-11.

## PROCEDURAL BACKGROUND

An Indictment filed on July 14, 2010 charged Gutierrez-Castro with a violation of 8 U.S.C. § 1326(a) and (b), that being reentry of a removed alien.  See Doc. 13.  On August 11, 2011, the Court conducted a jury trial on this charge.  See Clerk's Minutes at 1, filed August 11, 2011 (Doc. 91).  The jury returned a verdict finding Gutierrez-Castro guilty of violating 8 U.S.C. § 1326(a) and (b).  See Verdict at 1, filed August 11, 2011 (Doc. 88).

The United States Probation Office ("USPO") disclosed a PSR for Gutierrez-Castro on October 3, 2011.  In the PSR, the USPO calculates Gutierrez-Castro's total offense level to be 20. See PSR ¶ 19, at 5.  The PSR includes a 12-level enhancement under U.S.S.G. § 2L1.2(b)(1)(B), because "the defendant had previously been deported, excluded and removed from the United States subsequent to having been convicted of a felony that is a drug trafficking offense for which the sentence imposed was 13 months or less."  PSR ¶ 13, at 4.  For this enhancement, the PSR relies on a drug conviction Gutierrez-Castro received on August 28, 1992 for which he received a sentence of "45 days custody and 12 months probation."  PSR ¶ 13, at 4.  The PSR lists his criminal history category as V, based on 12 criminal history points.  See PSR ¶ 38, at 11.  The PSR calculates that an offense level of 20 and a criminal history category of V results in a guideline imprisonment range of 63 to 78 months.  See PSR ¶ 67, at 18.  There being no disputes about the PSR's factual findings, the Court adopts them as its own.

On December 8, 2011, Gutierrez-Castro filed his Sentencing Memorandum.  He requests, after taking into account the amendments to the sentencing guidelines that took effect on November 1, 2011 and after the application of a downward variance, that the Court impose a sentence within the range of 30 to 37 months.  See Sentencing Memorandum at 9.  He notes that the United States Sentencing Commission amended U.S.S.G. § 2L1.2(b) on November 1, 2011 in a way that reduces

his total offense level to 16 from 20, the offense level which the PSR calculates.  <u>See</u> Sentencing Memorandum at 2.  He notes that, because the predicate offense which resulted in his enhancement under U.S.S.G. § 2L1.2(b) received no criminal history points, it now results in an 8-level enhancement to his offense level as opposed to a 12-level enhancement under the previously effective guidelines.  <u>See</u> Sentencing Memorandum at 2, 8-9.  Gutierrez-Castro asks the Court to impose a sentence that is sufficient but not greater than necessary in compliance with 18 U.S.C. § 3553(a)(2).  <u>See</u> Sentencing Memorandum at 6-8.  He asserts that immigration offenses receive disproportionate punishments compared to other federal offenses in relation to the seriousness of the offense.  <u>See</u> Sentencing Memorandum at 7-8.  He notes that he "is a perfect example of an immigrant who came to the United States in an attempt to escape" poverty.  Sentencing Memorandum at 8.

On December 9, 2011, Plaintiff United States of America filed the United States' Response to Defendant's Sentencing Memorandum.  <u>See</u> Doc. 101 ("Response").  The United States agrees with Gutierrez-Castro that his offense level should now be 16, as opposed to 20 under the PSR's calculation, based on the recent amendments to U.S.S.G. § 2L1.2(b).  <u>See</u> Response at 2.  The United States notes that Gutierrez-Castro has an extensive criminal history, including seven prior felonies, but concedes that his most recent offenses that received criminal history points are predominantly immigration offenses.  <u>See</u> Response at 3-4.  The United States asserts that Gutierrez-Castro's "prior entanglements with immigration officials and with the criminal justice system have not persuaded him to refrain from returning to the United States."  Response at 4.  The United States requests that the Court impose a sentence within the advisory guideline range of 41 to 51 months, which results from the application of the guideline amendments.  <u>See</u> Response at 6.  The United States also requests that the sentence for his violation of supervised release run consecutively with

his sentence for the current federal charge.  See Response at 4-5.[1]

On December 9, 2011, the USPO disclosed an Addendum to the PSR.  The USPO recognizes that the current version of U.S.S.G. § 2L1.2(b) now provides for an 8-level enhancement for Gutierrez-Castro's 1992 drug conviction as opposed to a 12-level enhancement under the previous version of this guideline.  See Addendum to PSR at 1.  The USPO recalculates that his offense level is 16.  The USPO concludes that an offense level of 16 and a criminal history category of V results in a guideline imprisonment range of 41 to 51 months.  See Addendum to PSR at 1.  After accepting the modifications to the PSR's sentencing calculation contained in the Addendum to the PSR, the Court adopts the PSR's sentencing calculation as its own.

At the sentencing hearing on December 16, 2011, Gutierrez-Castro conceded that he has significant criminal history.   See Transcript of Hearing at 3:18-23 (taken December 16, 2011)(Sapien)("Tr.").[2]  Gutierrez-Castro asserted that he is willing to waive his appellate rights to help support the Court's decision to impose a downward variance.  See Tr. at 5:9-14 (Sapien).  The United States asserted that, contrary to its position in its Response, it would agree to a downward variance consistent with a 1-level decrease in Gutierrez-Castro's offense level if his attorney was willing to state on the record that Gutierrez-Castro would waive his appellate rights.  See Tr. at 6:14-24 (Cairns).  The United States recognized that it appreciates the professional manner opposing counsel conducted himself in preparation for trial.  See Tr. at 7:5-22 (Cairns).  The United States also agreed to withdraw its request for a consecutive sentence for Gutierrez-Castro's supervised

---

[1]The Court will address this request in a separate Memorandum Opinion and Order that it will file in the criminal case docket number 07-1042.

[2]The Court's citations to the transcript of the hearing refers to the court reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

release violation.  See Tr. at 8:7-10 (Cairns).  The Court expressed its concern that it could not at this stage of the proceeding accept this waiver of appellate rights in exchange for a reduction to Gutierrez-Castro's sentence.  See Tr. at 8:20-21 (Court).  The United States asserted that no departure under the guidelines was necessary and that it would not oppose a downward variance. See Tr. at 8:22-9:4 (Cairns).  The United States also contended that Gutierrez-Castro's counsel, Phillip Sapien, would abide by his representation that he would not file a notice of appeal.  See Tr. at 8:22-9:4 (Cairns).

## LAW REGARDING U.S.S.G. § 2L1.2

When a person unlawfully enters or remains in the United States, U.S.S.G. § 2L1.2(a) provides for a base offense level of 8.  See U.S.S.G. § 2L1.2(a).  U.S.S.G. § 2L1.2(b)(1)(B) provides:

> If the defendant previously was deported, or unlawfully remained in the United States, after . . . a conviction for a felony drug trafficking offense for which the sentence imposed was 13 months or less, increase by 12 levels if the conviction receives criminal history points under Chapter Four or by 8 levels if the conviction does not receive criminal history points.

U.S.S.G. § 2L1.2(b)(1)(B).[3]  U.S.S.G. § 2L1.2 application note 7 provides: "There may be cases in which the applicable offense level substantially overstates or understates the seriousness of a prior conviction.  In such a case, a departure may be warranted."  U.S.S.G. § 2L1.2 cmt. n.7.  The Tenth

---

[3]The version of this subsection effective before November 1, 2011 provided: "If the defendant previously was deported, or unlawfully remained in the United States, after . . . -- a conviction for a felony drug trafficking offense for which the sentence imposed was 13 months or less, increase by 12 levels."  U.S. Sentencing Guideline Manual § 2L1.2(b)(1)(B) (2010).  A court normally applies the current version of the sentencing guidelines unless doing so would disadvantage a defendant.  See United States v. Montoya, 428 F.App'x 791, 795 (10th Cir. 2011)(unpublished)("A sentencing court is generally required to apply the Guidelines that are in effect on the date the defendant is sentenced.  However, the ex post facto clause bars the sentencing court from retroactively applying an amended guideline provision when that amendment disadvantages the defendant." (internal quotation marks omitted)).

Circuit has also explained that the age of a conviction which results in an enhancement under U.S.S.G. § 2L1.2(b) may justify a variance. See United States v. Chavez-Suarez, 597 F.3d 1137, 1138 (10th Cir. 2010). Specifically, the Tenth Circuit noted:

> We agree with the Ninth Circuit that the staleness of an underlying conviction may, in certain instances, warrant a below-Guidelines sentence. "The fact that Section 2L1.2(b) addresses the seriousness of the offense -- as opposed to the risk of recidivism -- explains the absence of time limitations on qualifying predicate convictions. It does not, however, [always] justify increasing a defendant's sentence by the same magnitude irrespective of the age of the prior conviction at the time of reentry." While, as the government points out, we have previously upheld guidelines-range sentences where the underlying conviction occurred years in the past, we are persuaded that the staleness of a conviction may under certain circumstances warrant a variance below the guidelines.

United States v. Chavez-Suarez, 597 F.3d at 1138 (alteration in original)(citations omitted).

## ANALYSIS

Because the Court believes that the circumstances of Gutierrez-Castro's case warrant a variance and because he has orally agreed to waive his appellate rights, the Court believes that a downward variance is appropriate. Under the guidelines, an offense level of 16 and a criminal history category of V results in a guideline imprisonment range of 41 to 51 months. This guideline range reflects the amendments to U.S.S.G. § 2L1.2 effective on November 1, 2011. The Court believes that a sentence of 37-months imprisonment is appropriate in this case. This variance is equivalent to a 1-level decrease on Gutierrez-Castro's offense level.

The Court has carefully considered the parties' arguments and the circumstances of this case. The Court has considered the guideline range for the applicable category of offense committed by the applicable category of defendant. The Court believes that the punishment that the guidelines set forth is not appropriate for Gutierrez-Castro's offense. The Court agrees with the parties that a sentence of 37 months is sufficient to reflect the seriousness of this offense. While the Court would

have trouble granting a variance solely on the basis that Gutierrez-Castro has waived his appellate rights, the Court believes that consideration is a relevant factor in determining whether to grant a variance. It is common for defendants in immigration cases in the District of New Mexico to receive a 1-level reduction on their offense level under the United States Attorney's Office's fast-track program. This sentence is one of the highest sentences Gutierrez-Castro has received for an immigration offense. The highest sentence he received for an immigration offense was from in 2007, which was a sentence of 46 months. See PSR ¶ 26, at 10. It is important to note, however, that the Sentencing Commission has since that time amended U.S.S.G. § 2L1.2(b)(1)(B) in a way that reduces Gutierrez-Castro's offense level 4 levels. The old version of that guideline which was in effect at that time would have resulted in a 12-level enhancement as opposed to an 8-level enhancement. When the PSR applied this old version of the guideline provision, Gutierrez-Castro had a sentencing range of 63 to 78 months. That guideline amendment helps justify a sentence in this case lower than the sentence Gutierrez-Castro received in 2007, particularly when one considers that the predicate offense which resulted in the enhancement, committed on August 28, 1992, is now almost twenty years old. See PSR ¶ 13, at 4. Applying this amended guideline provision to the sentencing guideline calculation in the 2007 sentencing proceeding would have resulted in approximately the same offense level and criminal history category; Gutierrez-Castro would have had one less illegal reentry conviction but would have likely received additional criminal history points for some of his prior convictions excluded from the current PSR's guideline calculation because of their age. See PSR ¶¶ 31-32, 36, at 8, 10.

The Court has considered the guidelines, but, in arriving at its sentence, has taken into account not only the guidelines but other sentencing goals. This 37-month sentence adequately reflects the seriousness of the offense, promotes respect for the law, provides just punishment,

affords adequate deterrence, protects the public, avoids unwarranted sentencing disparities among similarly situated defendants, and otherwise fully reflects each of the factors embodied in 18 U.S.C. § 3553(a). Because this is one of the highest sentences for an immigration offense that Gutierrez-Castro has received, the Court believes that this sentence reflects the seriousness of the offense and promotes respect for the law. Given Gutierrez-Castro's age and the length of the sentence, the Court believes that the sentence provides just punishment and adequately protects the public. Gutierrez-Castro will be roughly fifty-six years old when he completes his sentence, and his risk of recidivism should decrease as a result of his age. His criminal history in the past ten years consists exclusively of immigration offenses. The last non-immigration related conviction he received was a theft charge in 2000. See PSR ¶ 33, at 9. Given that the sentence is only a 4-month variance from the advisory guideline range, the Court believes that the sentence will provide adequate deterrence, both to Gutierrez-Castro specifically and the public generally. Given that many defendants in this district receive a 1-level reduction on their offense level for waiver of their appellate rights in immigration cases, the Court believes that this sentence avoids unwarranted sentencing disparities among similarly situated defendants. While the Court's task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court's job is not to impose a reasonable sentence. Rather, a district court's mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2)." (citation omitted)) -- the Court believes this sentence is reasonable. And perhaps most important in this calculation, the Court believes that this sentence is sufficient without being greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987 (codified as amended in scattered sections of 18 U.S.C.).

The Court sentences Gutierrez-Castro to 37-months imprisonment.

**IT IS ORDERED** that the request for a downward variance contained in the Sentencing Memorandum Submitted on Behalf of Defendant Salvador de Jesus Gutierrez-Castro, filed December 8, 2011 (Doc. 100), is granted.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Kenneth J. Gonzales
  United States Attorney
Norman Cairns
Shammara Henderson
  Assistant United States Attorneys
United States Attorney's Office
Albuquerque, New Mexico

     *Attorneys for the Plaintiff*

Kenneth A. Gleria
Albuquerque, New Mexico

-- and --

Phillip G. Sapien
Sapien Law, LLC
Albuquerque, New Mexico

     *Attorneys for the Defendant*