# UNITED STATES DISTRICT COURT
### District of New Mexico

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>**Salvador De Jesus Gutierrez-Castro** | **Judgment in a Criminal Case**<br><br>(For Offenses Committed On or After November 1, 1987)<br>Case Number: **2:10CR02072-001JB**<br>USM Number: **19438-051**<br>Defense Attorney: **Phillip Sapien, Apppointed** |

THE DEFENDANT:

☐ pleaded guilty to count(s)
☐ pleaded nolo contendere to count(s)  which was accepted by the court.
☒ after a plea of not guilty was found guilty on count(s) **Indictment**

The defendant is adjudicated guilty of these offenses:

| *Title and Section* | *Nature of Offense* | *Offense Ended* | *Count Number(s)* |
|---|---|---|---|
| 8 U.S.C. Sec. 1326 (a) and (b) | Reentry of a Removed Alien | 04/18/2010 | |

The defendant is sentenced as provided in pages 2 through **5** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count .
☐ Count   dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**December 16, 2011**
Date of Imposition of Judgment

**/s/ James O. Browning**
Signature of Judge

**Honorable James O. Browning**
**United States District Judge**
Name and Title of Judge

**January 27, 2012**
Date Signed

Defendant: **Salvador De Jesus Gutierrez-Castro**
Case Number: **2:10CR02072-001JB**

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **37 months**.

**The Court recommends that Immigration and Customs Enforcement begin removal proceedings during service of sentence.**

**Pursuant to section 5D1.1(c), the Court will not impose a term of supervised release.**

The Court incorporates by reference its Memorandum Opinion and Order, filed January 23, 2012 (Doc. 104)("MOO"). An Indictment filed on July 14, 2010 charged Defendant Salvador de Jesus Gutierrez-Castro with a violation of 8 U.S.C. § 1326(a) and (b), that being reentry of a removed alien. See Doc. 13. On August 11, 2011, the Court conducted a jury trial on this charge. See Clerk`s Minutes at 1, filed August 11, 2011 (Doc. 91). The jury returned a verdict finding Gutierrez-Castro guilty of violating 8 U.S.C. § 1326(a) and (b). See Verdict at 1, filed August 11, 2011 (Doc. 88).

The United States Probation Office ("USPO") disclosed a Presentence Investigation Report ("PSR") for Gutierrez-Castro on October 3, 2011. In the PSR, the USPO calculates Gutierrez-Castro`s total offense level to be 20. See PSR ¶ 19, at 5. The PSR includes a 12-level upward adjustment under U.S.S.G. § 2L1.2(b)(1)(B), because "the defendant had previously been deported, excluded and removed from the United States subsequent to having been convicted of a felony that is a drug trafficking offense for which the sentence imposed was 13 months or less." PSR ¶ 13, at 4. For this enhancement, the PSR relies on a drug conviction Gutierrez-Castro received in August 28, 1992 for which he received a sentence of "45 days custody and 12 months probation." PSR ¶ 13, at 4. The PSR lists his criminal history category as V, based on 12 criminal history points, which were predominantly related to immigration offenses. See PSR ¶ 38, at 11. The PSR calculates that an offense level of 20 and a criminal history category of V results in a guideline imprisonment range of 63 to 78 months. See PSR ¶ 67, at 18. There being no disputes about the PSR`s factual findings, the Court adopts them as its own.

On December 9, 2011, the USPO disclosed an Addendum to the PSR. The USPO recognizes that the current version of U.S.S.G. § 2L1.2(b) now provides for an 8-level enhancement for Gutierrez-Castro`s 1992 drug conviction as opposed to a 12-level enhancement under the previous version of this guideline. See Addendum to PSR at 1. The USPO recalculates his offense level as 16. The USPO concludes that an offense level of 16 and a criminal history category of V results in a guideline imprisonment range of 41 to 51 months.

Gutierrez-Castro asks the Court for a sentence within the range of 30 to 37 months. Plaintiff United States of America agreed to a sentence of 37 months at the sentencing hearing on December 16, 2011. After accepting the modifications to the PSR`s sentencing calculation contained in the Addendum to the PSR, the Court adopts the PSR`s sentencing calculation as its own. A criminal offense level of 16 and a criminal history category of V produces a guideline sentence of 41 to 51 months.

The Court has carefully considered the parties` arguments and the circumstances of this case. The Court has considered the guideline range for the applicable category of offense committed by the applicable category of defendant. The Court believes that the punishment that the guidelines set forth is not appropriate for Gutierrez-Castro`s offense. The Court agrees with the parties that a sentence of 37 months is sufficient to reflect the seriousness of this offense. The United States justified the equivalent of a 1-level variance on Gutierrez-Castro`s offense level in part based on his oral waiver of his appellate rights. While the Court would be reluctant to grant a variance solely on the basis that Gutierrez-Castro has waived his appellate rights, because it is uncertain whether the oral waive is enforceable, the Court believes that consideration is a relevant factor in determining whether to grant a variance. It is common for defendants in immigration cases in the District of New Mexico and certain other districts to receive a 1-level reduction on their offense level under the United States Attorney`s Office`s fast track program. This sentence is one of the highest sentences Gutierrez-Castro has received for an immigration offense. The highest sentence he received was in 2007, which was a sentence of 46 months. See PSR ¶ 26, at 10. It is worth noting, however, that the United States Sentencing Commission has since that time amended U.S.S.G. § 2L1.2(b)(1)(B) in a way that reduces Gutierrez-Castro`s offense level 4 levels. The old version of that guideline which was in effect at that time would have resulted in a 12-level enhancement as opposed to an 8-level enhancement. When the PSR applied this old version of the guideline provision, Gutierrez-Castro had a sentencing range of 63 to 78 months. That guideline amendment helps justify a sentence in this case lower than the sentence Gutierrez-Castro received in 2007, particularly when one considers that the predicate offense that resulted in the enhancement, committed in August 28, 1992, is now almost twenty years old. See PSR ¶ 13, at 4. Applying this amended guideline provision to the sentencing guideline

calculation in the 2007 sentencing proceeding would have resulted in approximately the same offense level and criminal history category; Gutierrez-Castro would have had one less illegal reentry conviction but would have likely received additional criminal history points for some of his prior convictions excluded from the current PSR`s guideline calculation because of their age. See PSR ¶¶ 31-32, 36, at 8, 10.

The Court has considered the guidelines, but, in arriving at its sentence, has taken into account not only the guidelines but other sentencing goals. This 37-month sentence adequately reflects the seriousness of the offense, promotes respect for the law, provides just punishment, affords adequate deterrence, protects the public, avoids unwarranted sentencing disparities among similarly situated defendants, and otherwise fully reflects each of the factors embodied in 18 U.S.C. § 3553(a). Because this is one of the highest sentences for an immigration offense that Gutierrez-Castro has received, the Court believes this sentence reflects the seriousness of the offense and promotes respect for the law. Given Gutierrez-Castro`s age and the length of the sentence, the Court believes the sentence provides just punishment and adequately protects the public. Gutierrez-Castro will be roughly fifty-six years old when he completes his sentence, and his rate of recidivism will decrease as a result of his age upon release. His criminal history in the past ten years consists exclusively of immigration offenses. The last non-immigration related conviction he received was in 2000 for a theft charge. See PSR ¶ 33, at 9. Given that the sentence is only a 4-month variance from the advisory guideline range, the Court believes the sentence will provide adequate deterrence, both to Gutierrez-Castro specifically and the public generally. Given that many defendants in this district receive a 1-level reduction on their offense level for waiver of their appellate rights in immigration cases, the Court believes that, if Gutierrez-Castro keeps his word, this sentence avoids unwarranted sentencing disparities among similarly situated defendants. While the Court`s task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court`s job is not to impose a reasonable sentence. Rather, a district court`s mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2).'' (citation omitted)) -- the Court believes this sentence is reasonable. And perhaps most important in this calculation, the Court believes that this sentence is sufficient without being greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987 (codified as amended in scattered sections of 18 U.S.C.). The Court sentences Gutierrez-Castro to 37-months imprisonment.

☒ The court makes the following recommendations to the Bureau of Prisons:

**Big Spring Federal Correctional Institution, Big Spring, Texas, if eligible**

☒ The defendant is remanded to the custody of the United States Marshal.
☐ The defendant shall surrender to the United States Marshal for this district:
    ☐ at  on
    ☐ as notified by the United States Marshal.
☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    ☐ before 2 p.m. on
    ☐ as notified by the United States Marshal
    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to
_____ at _____ with a Certified copy of this judgment.

_____
UNITED STATES MARSHAL

By

DEPUTY UNITED STATES MARSHAL

Defendant: **Salvador De Jesus Gutierrez-Castro**
Case Number: **2:10CR02072-001JB**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties in accordance with the schedule of payments.
☐         The Court hereby remits the defendant's Special Penalty Assessment; the fee is waived and no payment is required.

| Totals: | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| | **$100.00** | **$0.00** | **$0.00** |

## SCHEDULE OF PAYMENTS

Payments shall be applied in the following order (1) assessment; (2) restitution; (3) fine principal; (4) cost of prosecution; (5) interest; (6) penalties.
Payment of the total fine and other criminal monetary penalties shall be due as follows:
The defendant will receive credit for all payments previously made toward any criminal monetary penalties imposed.
A        ☒   In full immediately; or
B        ☐   $ immediately, balance due (see special instructions regarding payment of criminal monetary penalties).

**Special instructions regarding the payment of criminal monetary penalties: Criminal monetary penalties are to be made payable by cashier's check, bank or postal money order to the U.S. District Court Clerk, 333 Lomas Blvd. NW, Albuquerque, New Mexico 87102 unless otherwise noted by the court. Payments must include defendant's name, current address, case number and type of payment.**

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalty payments, except those payments made through the Bureau of Prisons' Inmate Financial Responsibility Program, are to be made as directed by the court, the probation officer, or the United States attorney.